IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BART GILLEY,

      Plaintiff,

v.                                                          No. 2:22-cv-0679 KWR/DLM

SANTAGO MARTINEZ GUTIERREZ
and TRIDENT OILFIELD SERVICE, LLC,

      Defendants.

**ORDER TO AMEND COMPLAINT**

      THIS MATTER comes before the Court sua sponte. Plaintiff Bart Gilley filed this action in federal court on September 15, 2022, citing diversity jurisdiction. (Doc. 1 at 1–2.) "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the Complaint and the applicable law, the Court finds that the Complaint fails to allege facts necessary to sustain diversity jurisdiction.

      Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff, as the "party invoking diversity jurisdiction[,] bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). "[T]he plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." *U.S. for*

*Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)).

Here, the Complaint states that Gilley "is a *resident* of Eufaula, Oklahoma." (Doc. 1 ¶ 1 (emphasis added).) "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted). Thus, Gilley fails to assert facts sufficient to establish his citizenship.

The Complaint further states that Trident Oilfield Service, LLC "is a New Mexico limited liability company with its principal place of business" in New Mexico. (Doc. 1 ¶ 3.) For the purpose of establishing diversity jurisdiction, "[a]n LLC, as an unincorporated association, takes the citizenship of all its members." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (quoting *Siloam Springs Hotel*, 781 F.3d at 1234). Because Gilley has not asserted facts regarding the citizenship of the members of Trident Oilfield Service, LLC, he has not adequately established that the Court has subject matter jurisdiction over this lawsuit.

The Court will allow Plaintiff the opportunity to remedy these defects. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *cf. De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1157 (D.N.M. 2015) (noting that "[t]he Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal") (gathering cases).

**THEREFORE,**

**IT IS ORDERED** that Gilley shall file an amended complaint to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11, no later than **April 25, 2023**.

**IT IS FURTHER ORDERED** that if Gilley fails to comply with this order, the Court may dismiss this lawsuit for lack of jurisdiction.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE