IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BART GILLEY,

      Plaintiff,

vs.                                                        Case No. 2:22-cv-00679-KWR-DLM

SANTIAGO MARTINEZ GUTIERREZ, *ET AL*.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's, Trident Oilfield Service, LLC, Motion to Strike Testimony and Evidence Proffered by Mike Miller, CPA, filed on December 13, 2023. Doc. 63. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is **GRANTED**.

## BACKGROUND

This case arises out of a two-vehicle accident that occurred on January 20, 2020, in Lea County, New Mexico. Doc. 63 at 1. Santiago Martinez Gutierrez, an employee of Trident, was driving a 2017 Chevrolet pickup and was struck by Plaintiff's vehicle on the right side in an intersection. *Id*. Both vehicles sustained significant damage, with both drivers treated for injuries. *Id*. Plaintiff filed suit, alleging Mr. Gutierrez caused the accident. *Id*. Plaintiff claims personal injuries, emotional trauma, pain and suffering, lost wages, and a loss of future earning capacity. *Id*. Specifically, Plaintiff alleges since and because of the accident, he has been unable to work since January 26, 2021. *Id*.

On March 16, 2023, Plaintiff served his Initial Disclosures, in which he disclosed Mike Miller, CPA, as an expert expected to testify as to Plaintiff's lost wages.  Doc. 17.  As a part of Plaintiff's Initial Disclosures, Plaintiff transmitted Mr. Miller's Expert Report, which consisted of a six-sentence email.  *See* Doc. 63, Ex. A.  Mr. Miller's report estimated Plaintiff's lost wages to range from $1.07 million to $2.81 million based on his review.  *Id*.  Defendant states along with this report, Plaintiff attached Mr. Miller's curriculum vitae, a list of Plaintiff's Medicare wages from 2011 to 2020, and a chart estimating Plaintiff's earnings through 2037.  *Id*.

Defendant moves to strike the testimony and evidence offered by Mike Miller, CPA.  Doc. 63.  Defendant asserts Mr. Miller's report is inadmissible under Fed. R. Civ. P. 26(a)(2)(B), as it fails to comply with several requirements.  Doc. 63 at 8.  Because Plaintiff's discovery violations are not substantially justified and prejudice will result, Trident moves this Court to strike Mr. Miller and any evidence he seeks to proffer.  *Id*.

## DISCUSSION

Fed. R. Civ. P. 26(a)(2)(B) states:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Defendant asserts that Mr. Miller's report should be stricken because it is inadmissible under Fed. R. Civ. P. 26(a)(2)(B). Specifically, Defendant first states that Mr. Miller has not provided a complete statement of his opinions, nor the data or facts considered in forming them. Doc. 63 at 4. Mr. Miller's conclusion as to Plaintiff's lost earnings without specific mention or reference to a methodology employed do not satisfy this Court's discovery rules. *Id*. at 5. Furthermore, Mr. Miller has not disclosed exhibits relating to his opinions, has not included a fee schedule for his services, and has not provided adequate information to identify the matters in which he previously served as a witness. *Id*. at 5-7. This Court agrees with Defendant and finds the written report from expert witness Mike Miller, CPA, does not comply with Rule 26(a)(2)(B).

As to the first Rule 26(a)(2)(B) requirement, a complete statement of all opinions the witness will express and the basis and reasons for them, this Court finds expert witness Mike Miller's report has failed to satisfy this requirement. A failure to abide by the Rule 26(a)(2)(B) requirements warrants the excusal of a disclosed expert. *Skarda v. Johnson & Johnson*, No. 09-CV-1186-KG-WLP, 2014 WL 12792345 *2 (D.N.M. June 30, 2014). Under Rule 26(a)(2), courts employ a burden-shifting framework to determine whether the requirements have been satisfied. *Carbaugh v. Home Depot U.S.A., Inc.*, No. 13-CV-02848-REB-MEH, 2014 WL 3543714 *2 (D. Colo. July 16, 2014) citing, *Morris v. Wells Fargo Bank, N.A.*, No. 09–cv–02160–CMA–KMT, 2010 WL 2501078, at *2 (D. Colo. June 17, 2010). "The party moving to strike the witness bears the initial burden of showing that the disclosing party failed to produce a written report." *Id*. "The burden then shifts to the disclosing party to demonstrate that the witness is not retained or specially employed and thus, no report was required." *Id*. Here, Mr. Miller has not provided a complete statement of his opinions and the basis and reasons for them sufficient to satisfy Rule 26(a)(2)(B). Mr. Miller's brief email states that based on a review of previous W-2 income from 2011 to 2020

with retirement ages between 65 to 75, Plaintiff's estimated future earnings would be between $1.07 million and $2.81 million. Doc. 63 at Ex. A. Mr. Miller's brief explanation of Plaintiff's potential future earnings does not explain the methodology he employed or the basis and reasons for his opinions. *Skarda v. Johnson & Johnson*, No. 09-CV-1186-KG-WLP, 2014 WL 12792345 (D.N.M. June 30, 2014). Nor does his brief report make any effort to conserve resources and avoid the harms Rule 26 seeks to address, *e.g.*, lengthy and expensive depositions. *See e.g., Vincoy by & through Vincoy v. United States*, No. CIV 97-0296 JC/LFG, 1998 WL 36030597 *2 (D.N.M. July 31, 1998). Therefore, this Court finds the first Rule 26(a)(2)(B) requirement has not been met.

As to the second Rule 26(a)(2)(B) requirement, whether the witness' report contains the facts or data considered by the witness in forming them, this Court finds this factor has not been met. In Mr. Miller's email, while he mentions that he used Plaintiff's previous W-2s, he does not explain how future earnings were calculated as well as whether other factors, if any, were taken into account in his assessment. Ex. A. Mr. Miller appears to have used an inflation calculator in his analysis, which he also fails to explain or discuss its methodology. *Id*. Furthermore, Mr. Miller does not discuss the facts or data used to calculate pay increases, if any, in his calculation. *Id*. Therefore, this Court finds the second requirement has not been met.[1]

As to Mr. Miller's qualifications and publications under Rule 26(a)(2)(B), in Mr. Miller's report, he did not state whether he authored any publications. Doc. 63, Ex. A. As to his qualifications, in his initial report, Mr. Miller did not include a copy of his curriculum vitae or list his qualifications. Doc. 63, Ex. A. It appears Mr. Miller then submitted a copy of his curriculum vitae on April 28, 2023, which lists a college degree in accounting as well as being a CPA since

---

[1] Regarding the third requirement, the disclosure of exhibits that will be used to summarize or support his findings, Mr. Miller has not disclosed any exhibits. Therefore, this factor is moot.

1985 and a CrFA since 2011.  Doc. 71, Ex. B.  Therefore, this Court finds for the purposes of Rule 26(a)(2)(B), Mr. Miller did not satisfy these requirements through his failure to include them in his report.

Under Rule 26(a)(2)(B)(v), a witness's report must contain a list of all other cases, during the four previous years, that the witness has testified as an expert at a deposition or trial.  Here, Mr. Miller's initial report did not include the cases in which he previously testified as an expert, which fails to satisfy Rule 26.  Docs. 63, Ex. A; 73, Ex. B.  Mr. Miller later disclosed two cases in which he testified, and despite this additional information, this Court finds the supplemental evidence which this Court will deem inadmissible, also fails to satisfy Rule 26(a)(2)(B).  "The identification of "cases" at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial.  Such information should be sufficient to allow a party to review the proceedings to determine whether relevant testimony was given.  With this information, a party should be able to determine the type of claim presented and locate any recorded testimony." *Nguyen*, 162 F.R.D. at 282.  As to the cases he disclosed, Mr. Miller lists "Norris v Gonzales & Gonzales" and "Waters, Waters & Bhakta v James Hamilton Construction, Charles Hamilton, and Thunder Run Concrete."  Ex B.  Mr. Miller did not list the courts, case numbers, dates, or the type of testimony – elements this Court and others have found to be minimum requirements under Rule 26(a)(2)(B).  *Nguyen*, 162 F.R.D. at 682; *Vincoy*, 1998 WL 36030597 *2.  The information given by Mr. Miller is insufficient to allow Defendant to find the proceedings, review them, and determine the type of testimony and its relevance.  Ex. B.  Furthermore, Defendant would be required to spend substantial time and resources in identifying the information that should have been initially disclosed.  *Nguyen*, 162 F.R.D. at 682; *In re the Application of Gonzalez v. Batres*, No. CV 14-00799 WJ/CG, 2014 WL

12614506 *2 (D.N.M. Dec. 22, 2014). Therefore, this Court finds Mr. Miller's report and his subsequent Supplemental Disclosure fail to satisfy this requirement.

Lastly, while Mr. Miller disclosed the amount paid for his services, this Court finds his disclosure insufficient to satisfy Rule 26(a)(2)(B)(vi). In *Vincoy*, this Court previously included the failure to disclose an expert's hourly compensation in determining that experts' reports did not satisfy Rule 26(a)(2)(B). *Vincoy*, 1998 WL 36030597 *2. Here, Mr. Miller did not include a bill invoice with his report. Doc. 63, Ex. B. In his subsequent supplementation, Mr. Miller included an invoice to Plaintiff in which he states that he charged $2,380.00 as compensation for his report, however, does not list the hourly compensation rate. Ex. B. Mr. Miller then states in his January 11, 2024, addendum that future compensation has not been completed or billed and will be based on a rate of $250 per hour. *Id*. Mr. Miller's addendum, however, discloses the hourly rate of compensation for *future* work, and still does not address the hourly rate he charged Plaintiff for the sum of $2,380.00. Therefore, this Court finds Mr. Miller has not satisfied the Rule 26(a)(2)(B)(vi) requirement either through his original report or the Supplemental Disclosure.

Because this Court has found that Mr. Miller's expert report does not comply with Rule 26(a), it now turns to Fed. R. Civ. P. 37(c).[2] Under Rule 37(c), a district court is permitted to refuse to strike expert reports and permit expert testimony even when it violates Rule 26(a), if the violation is justified or harmless. *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 952 (10th Cir. 2002). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Id*. at 953 citing, *Woodworker's Supply, Inc. v.*

---

[2] This Court will rule in a separate order that Plaintiff's Supplemental Disclosure does not satisfy the Fed.R.Civ.P. 26(a) requirements and even if given the opportunity to offer additional supplemental disclosure, has not established that it can satisfy the Rule 26(a) requirements. As such, no party has moved for nor does this Court find that a lesser sanction under Rule 37(b)(2) appropriate to deter errant misconduct, especially given Plaintiff's remaining claims. *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1204 (10th Cir. 2017) citing, *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988); *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994).

*Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999). "Although a district court can allow evidence violating Rule 26(a) only if the violation was justified or harmless, *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 728 (7th Cir.1999), "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness" of a Rule 26(a) violation, *Woodworker's Supply*, 170 F.3d at 993." *Jacobsen*, 287 F.3d at 953. The Tenth Circuit instructs courts to consider the following factors "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc.*, 170 F.3d at 993.

Regarding the first factor, while Defendant should not have been surprised because experts are often used by plaintiffs in determining future earnings, Mr. Miller's report in this case ignores the purpose of Rule 26(a). Expert reports are used for the purposes of not only identifying the expert witness, but to lay out the substance of a direct examination. *Jacobsen*, 287 F.3d at 953 citing, Fed.R.Civ.P. 26(a)(2) advisory committee note (1993). Despite Mr. Miller's report and disclosure, his report would not allow Defendant "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id*. To avoid prejudice, an opposing party must know the substance of an expert's testimony. *Id*. From Mr. Miller's report, it is unlikely his testimony at trial will contain substantially more than what was presented in his report. *Id*. Therefore, this Court finds Defendant would be prejudiced by Mr. Miller's testimony, as from the content of his report and disclosures, they would not have a reasonable opportunity to either prepare for trial or arrange for additional experts.

As to the second factor, whether Mr. Miller and Plaintiff could cure the potential prejudice, this Court finds this factor too weighs in favor of Defendant. While Mr. Miller filed a

Supplemental Disclosure following Defendant's filing of the Motion at issue, it is not clear Mr. Miller and Plaintiff are further able to cure the expert report's deficiencies. Even with the additional information provided, which this Court will deem inadmissible in a separate order, Mr. Miller's "report" – an email – is not a complete statement of all opinions he will express and the basis for them; does not describe or explain the facts or data considered in forming them; does not properly list the previous cases he has testified in; and had not properly disclosed compensation. Even if this Court considered Mr. Miller's Supplemental Disclosure in Exhibit B, which purportedly aims to address the deficiencies in his report, Mr. Miller's report does not satisfy the requirements of Rule 26(a)(2)(B). Therefore, this Court finds Mr. Miller is unable to cure the potential prejudice and as such, this factor weighs in favor of Defendant.

Concerning the third factor, the extent to which introducing the testimony would disrupt the trial, this Court finds this factor weighs in favor of Defendant. Given the extent to which Mr. Miller's expert report does not satisfy the requirement of Rule 26, this Court finds his testimony would disrupt the trial. From Mr. Miller's submissions, Defendant would not have "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Jacobsen*, 287 F.3d at 953 citing, Fed.R.Civ.P. 26(a)(2) advisory committee note (1993). Numerous Rule 26(a)(2)(B) requirements are outstanding, as Mr. Miller has not established these. Therefore, Defendant could not possibly have a reasonable opportunity to prepare for trial and admission of Mr. Miller's expert testimony would be a disruption.

Lastly, regarding the fourth factor, whether Mr. Miller or Plaintiff acted in bad faith, the Court finds the record does not support such a finding. However, absent a complete disclosure that satisfies the requirements of Rule 26, this Court finds prejudice against Defendant cannot be

cured. Therefore, this Court finds under Fed.R.Civ.P. 37(c), the violation of Rule 26(a) is not justified or harmless. *See Jacobsen*, 287 F.3d at 952; *Woodworker's Supply, Inc.*, 170 F.3d at 993.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Expert Mike Miller, CPA (Doc. 63) is **GRANTED**.

          /s/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE