IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BART GILLEY,

    Plaintiff,

vs.                                                             Case No. 2:22-cv-00679-KWR-DLM

SANTIAGO MARTINEZ GUTIERREZ, *ET AL.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's, Trident Oilfield Service, LLC, Motion to Strike Plaintiff's Supplemental Disclosure, filed January 29, 2024.  Doc. 72.  Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is **GRANTED**.

## BACKGROUND

This case arises out of a two-vehicle accident that occurred on January 20, 2020, in Lea County, New Mexico.  Doc. 63 at 1.  Santiago Martinez Gutierrez, an employee of Trident, was driving a 2017 Chevrolet pickup and was struck by Plaintiff's vehicle on the right side in an intersection.  *Id*.  Both vehicles sustained significant damage, with both drivers treated for injuries.  *Id*.  Plaintiff filed suit, alleging Mr. Gutierrez caused the accident.  *Id*.  Plaintiff claims personal injuries, emotional trauma, pain and suffering, lost wages, and a loss of future earning capacity.  *Id*.  Specifically, Plaintiff alleges since and because of the accident, he has been unable to work since January 26, 2021.  *Id*.

On March 16, 2023, Plaintiff served his Initial Disclosures, in which he disclosed Mike Miller, CPA, as an expert expected to testify as to Plaintiff's lost wages. Doc. 17. Defendant states along with Plaintiff's Initial Disclosures, Plaintiff transmitted Mr. Miller's Expert Report, which consisted of a six-sentence email. *See* Doc. 63, Ex. A. Mr. Miller's report estimated Plaintiff's lost wages to range from $1.07 million to $2.81 million based on a review of Plaintiff's W-2s. *Id*. Defendant states along with this report, Plaintiff attached Mr. Miller's curriculum vitae, a list of Plaintiff's Medicare wages from 2011 to 2020, and a chart estimating Plaintiff's earnings through 2037. *Id*.

Defendant subsequently filed its Motion to Strike Testimony and Evidence Proffered by Mike Miller, CPA (Doc. 63) on December 13, 2023. Discovery in this case terminated on November 28, 2023. Doc. 53. On January 16, 2024, Plaintiff filed his Supplemental Disclosure to Defendants. Doc. 67. Plaintiff did not seek leave to file a supplemental disclosure, which includes a description of Mr. Miller's opinions and further elaborates on the report he submitted. Ex. B. Defendant now moves to strike Plaintiff's Supplemental Disclosure as procedurally defective and, therefore, inadmissible. Doc. 72 at 2.

**DISCUSSION**

Fed.R.Civ.P. 26(a)(2)(D) states, "[a] party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosure must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Rule 26(a)(2) "imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for

effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed.R.Civ.P. 26(a), advisory committee note, 1993 Amendments. "[I]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before the other parties are required to make their disclosures with respect to that issue." *Id*.

Under Fed.R.Civ.P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."

Defendant argues that under Rules 26(a) and 37(c)(1), in addition to case law within this Circuit, Plaintiff's Supplemental Disclosure is inadmissible and should be stricken. Doc. 72 at 3-4. Specifically, Defendant argues Plaintiff's decision to file a supplemental disclosure after the expiration of deadlines in this Court's Scheduling Order attempts to modify the Order and reopen discovery. *Id*. at 4. Plaintiff argues the supplemental disclosure Defendant seeks to strike are supporting data, exhibits, fee schedule, and prior testimony, which are the subject of its Motion to Strike (Doc. 63). Doc. 74 at 1-2. Plaintiff argues the expert witness at issue, Mike Miller, was available for a deposition, including on November 3, 2023, before Trident cancelled it. *Id*. Permitting supplemental disclosure has no "descriptive effect" on trial nor was the nondisclosure done in bad faith. *Id*. Therefore, this Court should permit the supplemental disclosure, as it seeks to address Defendant's Motion to Strike (Doc. 63). *Id*. This Court agrees with Defendant and finds that Plaintiff's Supplemental Disclosure is inadmissible, and, therefore, grants Defendant's Motion to Strike Plaintiff's Supplemental Disclosure (Doc. 72).

Under Rule 26(a)(2)(B), if "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving

expert testimony," a party's expert disclosures must include, "a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support them; the witness' qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case." *Franklin v. United States*, No. 12-1167 KBM/CEG, 2013 WL 11336865 *1 (D.N.M. Dec. 18, 2013) citing, Fed. R. Civ. P. 26(a)(2)(B)(i-vi).  These disclosures allow an opposing party to have "a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Id*. citing, *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir.).  Such disclosures serve to "eliminate surprise and provide opposing counsel with enough information ... to prepare efficiently for deposition, any pretrial motions and trial."  *Id*. citing, *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121–22 (D. Colo. 2006).

    Here, as this Court previously ruled, expert witness Mike Miller's report did not comply with several Rule 26(a) requirements.  Under Rule 26(a)(2)(D), the parties were required to comply with this Court's Scheduling Order, which required expert disclosures by August 4, 2023, terminated discovery on November 28, 2023, and required all discovery motions to be filed by December 8, 2023.  Doc. 53.  Here, Plaintiff did not file its Supplemental Disclosure until well after discovery had closed (January 8, 2024).

    Even if Plaintiff properly filed an expert witness report that complied with Rule 26(a), under Rule 26(e), a party has a "duty to supplement [that] extends both to information included in the report and to information given during the expert's deposition.  Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3)

4

are due." Fed.R.Civ.P. 26(e).  Here, Plaintiff's expert witness supplement fails to satisfy Rule 26(e).  Plaintiff's "supplement" is not a proper supplementation – there are not claims of error in the prior report, it does not correct misinformation, rather, it offers undisclosed bases for the opinions and other undisclosed information and therefore, runs contrary to the requirements of Rule 26(a).  *Coleman v. BNSF Ry. Co.*, No. 1:06CV01076, 2008 WL 5622542 *4 (D.N.M. Aug. 29, 2008); Doc. 73, Ex. B.  In addition to failing to satisfy the deficiencies in Mr. Miller's original report, the supplement is offered too late in the process to permit Defendant to adequately prepare for trial or secure its own expert witness services.  *Id*.

Had Plaintiff's Supplemental Disclosure complied with Rule 26, under Rule 37(c)(1), a "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed.R.Civ.P. 37(c).  Here, as this Court previously found, Plaintiff has not offered or argued that any justification for his failure to follow the Federal Rules of Civil Procedure or this Court's Scheduling Order.  Doc. 74.   Even if he had, in considering the factors outlined by the Tenth Circuit to determine whether Plaintiff's violation is justified or harmless, this Court finds that Mr. Miller's Supplemental Disclosure does not satisfy Rule 37(c)(1).  *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999); Doc. 79 at 6-7.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiff's Supplemental Disclosure (Doc. 72) is **GRANTED**.

                 ____/s/_____
                 KEA W. RIGGS
                 UNITED STATES DISTRICT JUDGE